**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP**
Glenn A. Clark (GC-4543)
One Speedwell Avenue
Headquarters Plaza
Morristown, New Jersey 07962-1981
Telephone (973) 451-8400
Email: gclark@riker.com

*Attorneys for Plaintiff*
*Selective Insurance Group, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| SELECTIVE INSURANCE GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No.<br><br>Hon.<br><br>**JURY TRIAL DEMANDED**<br><br>(Document Filed Electronically) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

SELECTIVE INSURANCE GROUP, INC. ("Plaintiff") brings this action against METROPOLITAN LIFE INSURANCE COMPANY ("Defendant") and complains and alleges as follows:

*Jurisdiction and Venue*

1. This is a civil action arising under the trademark laws of the United States, Title 15, United States Code, Sections 1051 et seq., as amended (hereinafter the "Lanham Act"), 1114 and 1125. This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338, and 1367(a) because this Complaint raises federal questions under

the Lanham Act, and it involves state causes of action, including claims of statutory and common law trademark infringement, dilution, unfair competition, unfair trade practices, and false advertising.

2. Personal jurisdiction over Defendant is vested in the United States District Court for the District of New Jersey because, upon information and belief, Defendant does business in New Jersey and its acts within or directed toward New Jersey have caused Plaintiff injuries alleged herein. Defendant actively promotes its services in New Jersey, has advertised in New Jersey, and has an Internet site that is accessed from New Jersey. Defendant and/or Defendant's agents sell products and/or services directly to New Jersey consumers.

3. Venue is proper under 28 U.S.C. § 1391(b) because the claim arose in this district and under 28 U.S.C. § 1391(c).

### *The Parties*

4. Plaintiff Selective Insurance Group, Inc. is a New Jersey corporation having a place of business at 40 Wantage Avenue, Branchville, NJ 07890.

5. Defendant Metropolitan Life Insurance Company is a New York corporation having a place of business at 1095 Avenue of the Americas, New York, NY 10066.

### *Background*

6. Plaintiff is an insurance holding company whereby its wholly-owned subsidiaries are in the business of providing consumer-focused property and casualty insurance.

7. Plaintiff is the owner of the trademark XSELERATE that is used by Plaintiff in connection with an electronic platform that links an insurance agency's agency management

system to Plaintiff's underwriting systems and agency intranet site, making it easier for agents to submit business and inquire about existing accounts.

8. A screenshot showing an example of Plaintiff's use of its trademark XSELERATE and a webpage screenshot explaining the Plaintiff's XSELERATE services are attached as Exhibit A.

9. Plaintiff began use of its trademark XSELERATE in commerce as early as December 14, 2005, and has used it continuously since that date.

10. Plaintiff filed a United States Trademark Application for registration of its trademark XSELERATE and Design on January 27, 2006. The application, U.S. Trademark Application No. 78,801,147 was issued as U.S. Trademark Reg. No. 3,177,139 on November 28, 2006 ("Registered Mark"). The form of the Registered Mark is shown below:



11. Plaintiff's Registered Mark identifies the following services:  "Providing temporary use of non-downloadable software for use by insurance agents for insurance brokerage in the fields of personal automobile liability insurance."

12. Copies of Plaintiff's Registered Mark and associated TESS and TSDR records are attached as Exhibit B.

13. Defendant uses the marks XCELERATE, METLIFE AUTO & HOME XCELERATE and METLIFE AUTO & HOME XCELERATE and Design (Individually,

"Infringing Mark" and collectively, "Infringing Marks") in connection with an electronic platform for submitting applications for automobile insurance. Screenshots showing Defendant's use of the Infringing Marks are attached as Exhibit C.

14. The form of the METLIFE AUTO & HOME XCELERATE and Design Infringing Mark is shown below:



15. Defendant filed U.S. Trademark Application Serial No. 86,412,064 for the METLIFE AUTO & HOME XCELERATE and Design Infringing Mark on October 1, 2014. Defendant's application identifies the following services: "Underwriting auto and home insurance policies using publicly available information without having to request the same from the applicant."

16. Copies of TESS and TSDR records for Defendant's METLIFE AUTO & HOME XCELERATE and Design Infringing Mark are attached as Exhibit D.

17. Defendant filed U.S. Trademark Application Serial No. 86,377,403 for the standard character mark METLIFE AUTO & HOME XCELERATE on August 26, 2014. Defendant's application identifies the following services: "Underwriting auto and home insurance policies using publicly available information without having to request the same from the applicant." Defendant's U.S. Trademark Application Serial No. 86377403 issued as U.S. Trademark Reg. No. 4,810,053 on September 8, 2015.

4

18. Copies of TESS and TSDR records for Defendant's METLIFE AUTO & HOME XCELERATE Infringing Mark are attached as Exhibit E.

19. Plaintiff's common law rights in its trademark XSELERATE predate any use by Defendant of Defendant's Infringing Marks.

20. Plaintiff's registration rights in its Registered Mark predate any use by Defendant of Defendant's Infringing Marks

21. Plaintiff's common law rights in its trademark XSELERATE predate any filing by Defendant for registration of the Infringing Marks.

22. Plaintiff's registration rights in its Registered Mark predate any filing by Defendant for registration of the Infringing Marks

23. Defendant's Infringing Marks are similar in appearance, sound, connotation, and commercial impression to Plaintiff's trademark XSELERATE and its Registered Mark.

24. Defendant's mark METLIFE AUTO & HOME XCELERATE in a standard character format is similar in appearance, sound, connotation, and commercial impression to Plaintiff's trademark XSELERATE and its Registered Mark.

25. Plaintiff's Registered Mark features an emphasis on the first letter "X" of the mark and a curved design element.

26. Defendant's METLIFE AUTO & HOME XCELERATE and Design Infringing Mark features an emphasis on the first letter "X" of the mark and a curved design element.

27. Plaintiff and Defendant are competitors in the field of property and casualty insurance.

28. Plaintiff's trademark XSELERATE and its Registered Mark ("Plaintiff's Marks") and Defendant's Infringing Marks are for related and/or overlapping services because they are all used in connection with electronic platforms for submitting insurance applications.

29. Services bearing Plaintiff's Marks and Defendant's Infringing Marks are likely to be found or are found in the same channels of trade.

30. Defendant's Infringing Marks compete for market share with Plaintiff's services associated with Plaintiff's Marks.

31. Use of Defendant's Infringing Marks misappropriates the goodwill built by the Plaintiff in the use of Plaintiff's Marks.

32. Plaintiff notified Defendant of Plaintiff's objections to Defendant's Infringing Marks by letter on May 26, 2015. Plaintiff demanded that Defendant cease use of Defendant's Marks.

33. Defendant has failed to comply with Plaintiff's notice and demand for termination of use of Defendant's Infringing Marks.

34. On information and belief, Defendant plans to continue using Defendant's Infringing Marks on or in connection with electronic platforms for automobile insurance.

### *Claim One*

### *Infringement of Federally Registered Trademark*

35. Plaintiff re-alleges all allegations contained in each of the preceding paragraphs 1-33 as if fully set forth herein.

36. Defendant's Infringing Marks are likely to be seen as being sponsored by, affiliated with, or originating from Plaintiff.

37. Uses of Defendant's Infringing Marks are likely to cause confusion, mistake, or deception among the public.

38. Defendant's acts are likely to cause confusion, cause mistake, or deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

39. Defendant's acts constitute willful infringement of Plaintiff's Marks in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

40. Plaintiff has suffered and will continue to suffer irreparable harm as a result of such infringement by Defendant.

41. Defendant's activities are likely to and have caused irreparable injury to Plaintiff's reputation and goodwill.

## Claim Two

### False Designation of Origin and Unfair Competition

42. Plaintiff re-alleges all allegations contained in each of the preceding paragraphs 1-40 as if fully set forth herein.

43. Defendant's acts are likely to cause confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

44. Defendant's acts constitute a false designation of origin that is likely to cause confusion in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125(a)).

45. Plaintiff has suffered and will continue to suffer irreparable harm as a result of such false designation of origin.

### *Claim Three*

### *Common Law Trademark Infringement and Unfair Competition*

46. Plaintiff re-alleges all allegations contained in each of the preceding paragraphs 1-44 as if fully set forth herein.

47. The foregoing acts of Defendant constitute trademark infringement and unfair competition in violation of the common law of New Jersey.

48. Plaintiff has suffered and will continue to suffer irreparable harm as a result of such trademark infringement and unfair competition.

### **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant as follows:

1. The Defendant, its officers, agents, employees, servants, representatives, and all persons acting under or in concert with it, be preliminarily enjoined throughout the pendency of this lawsuit, and permanently enjoined thereafter, from using, in conjunction with any goods or services, the Defendant's Infringing Marks XCELERATE, METLIFE AUTO & HOME XCELERATE and METLIFE AUTO & HOME XCELERATE and Design, or any other mark, word or name confusingly similar to Plaintiff's Marks, or any other mark incorporating XCELERATE or any other confusingly similar term, including specifically, all uses in connection with Defendant's websites and any other online uses;

2. The Defendant, its officers, agents, employees, servants, representatives, and all persons acting under or in concert with it be required to deliver up for destruction all packaging, labels, advertisements, brochures, and other business and promotional materials that bear the

Defendant's Infringing Marks XCELERATE, METLIFE AUTO & HOME XCELERATE and METLIFE AUTO & HOME XCELERATE and Design, or any other mark, word or name incorporating XCELERATE or any other confusingly similar term;

3. The Court order the United States Patent & Trademark Office to cancel U.S. Trademark Reg. No. 4810053 for METLIFE AUTO & HOME XCELERATE and any other trademark registrations including the term XCELERATE and refuse registration to any trademark applications by Defendant including the Infringing Mark or any other mark, word or name confusingly similar to or including the Plaintiff's Marks, including: METLIFE AUTO & HOME XCELERATE and Design, U.S. Trademark Application Serial No. 86,412,064.

4. The Defendant be required to account and pay to Plaintiff all profits derived as a result of the activities complained of herein;

5. The Defendant be required to pay to Plaintiff damages sustained as a result of the activities complained of herein;

6. The Defendant be required to pay increased damages due to its willful infringement;

7. The Defendant be required to pay costs and attorney fees; and

8. For such other and further relief as this Court deems just and proper.

                                        Respectfully submitted,

October 28, 2015                        _s/ Glenn A. Clark_
                                        Glenn A. Clark
                                        Riker Danzig Scherer Hyland & Perretti LLP
                                        One Speedwell Avenue
                                        Headquarters Plaza
                                        Morristown, New Jersey 07962-1981
                                        Telephone (973) 451-8400
                                        Email:  gclark@riker.com

                                        *Attorneys for Plaintiff*
                                        *Selective Insurance Group, Inc.*

Of counsel:
Stephen P. McNamara, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: smcnamara@ssjr.com, litigation@ssjr.com